# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 20-60377
Summary Calendar

Carlos Ernesto Amaya-Bonilla,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 752 801

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Carlos Ernesto Amaya-Bonilla, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his application for asylum and withholding of removal. The BIA and IJ also rejected his claim

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60377

for relief under the Convention Against Torture, but he has abandoned that issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Amaya-Bonilla argues that asylum and withholding of removal were warranted based on his membership in the proposed particular social groups comprised of "young El Salvadorian males opposed to forced gang recruitment" and "El Salvadorian males from lower socio-economic communities."

We review only the BIA's decision, "unless the IJ's decision has some impact on" that decision, as here. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the BIA's determination that an alien is not eligible for asylum or withholding of removal under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The petitioner must show "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

Amaya-Bonilla has shown no legal error in the IJ's or the BIA's legal analysis of the asylum claim, and the BIA's decision that Amaya-Bonilla did not establish his membership in a legally cognizable particular social group is supported by substantial evidence. *See id.* We have declined to recognize as particular social groups various permutations of groups of individuals who are subjected to gang violence based on their refusal to join gangs or accede to their demands. *See id.* at 521-22; *see also Rodas-Orellana v. Holder*, 780 F.3d 982, 991-92 (10th Cir. 2015). Additionally, we have refused to recognize individuals connected by economic status as a particular social group. *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Because Amaya-Bonilla has not shown that he is eligible for asylum, he cannot meet the higher standard to show that he is eligible for withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

The petition for review is DENIED.

2